IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GORDON GROCERY, INC., | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. AMD 06-2192 |
| | : | |
| ASSOCIATED WHOLESALERS, INC. | : | |
| Defendant | : | |

...o0o...

MEMORANDUM OPINION

Plaintiff Gordon Grocery, Inc., is a shareholder in defendant Associated Wholesalers, Inc., which is a Pennsylvania corporation operating as a cooperative engaged in the business of purchasing, manufacturing, processing, warehousing and distributing food and related merchandise for retail merchant shareholders such as plaintiff. As of Fall 2005, plaintiff owned 282 shares of Class A common stock in defendant. At about that time, defendant notified plaintiff that plaintiff had failed to satisfy the minimum purchase requirements of the cooperative. Accordingly, defendant stated its intention to redeem plaintiff's shares, thereby terminating plaintiff's membership in the cooperative.

A dispute arose between the parties as to the proper procedure for share redemption. In essence, defendant asserted its right to pay the value of the shares in two installments, namely, one third immediately and two thirds in 2010 (with the second installment to be secured by the issuance of substitute shares of stock). Plaintiff asserted, on the other hand, that it was entitled to the full value of its shares in cash immediately. After refusing to execute the necessary documents to effect the redemption as interpreted by defendant,

plaintiff filed this declaratory judgment action in state court, seeking a declaration of the parties' rights under the relevant bylaws, and incidental monetary relief. Defendant timely removed the case to this court.

During discovery, defendant, through its board of directors, elected to rescind the redemption determination. Thus, plaintiff remains a shareholder (and a member of the cooperative) in good standing. Any dispute over the redemption procedure is wholly abstract as between these parties. Defendant has now moved for summary judgment on the ground of mootness.[1] Plaintiff has filed a series of motions and requests aimed at avoiding dismissal of the action.[2]

It is clear that, as defendant contends, the case is moot. Any determination of the rights of the parties under the relevant bylaws would merely be a prohibited advisory opinion because defendant has rescinded its decision to redeem plaintiff's shares. Accordingly, this court lacks subject matter jurisdiction. Defendant seeks a "judgment" in its favor. *See* defendant's proposed order. However, this case is here under the court's *removal jurisdiction*; accordingly, the proper action for this court is to *remand the action* so that, as

---

[1] Defendant has styled its motion as a motion for summary judgment under Fed.R.Civ.P. 56, but I deem the motion to be a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). That is, in the absence of a live "case" or "controversy," a federal court simply lacks subject matter jurisdiction over the action. *See Greene v. Famous Pawn, Inc.*, 71 Fed.Appx. 253, 2003 WL 21940601, *1 (4th Cir., August 14, 2003)("A matter that has become moot does not present an actual case or controversy.").

[2] Plaintiff filed (1) a motion to extend the discovery deadline; (2) a motion to remand; and (3) a motion pursuant to Fed.R.Civ.P. 56(f) for additional discovery. Each of those motions has been, or is hereby, denied.

appears likely, *cf. Mercy Hospital v. Jackson,* 306 Md. 556, 561-63, 510 A.2d 562 (1986); *Prince George's County v. Fraternal Order of Police,* 172 Md.App. 295, 914 A.2d 199 (2007), the state trial court might determine that it, like this court, lacks subject matter jurisdiction on the ground of mootness. *See generally In the Matter of Applications of Nuclear Generation Employees Association,* 145 F.Supp.2d 291, 301-02 (S.D.N.Y.2001) (remanding removed case where state law claims became moot during the pendency of the action in federal court).[3] An Order follows.

Filed: February 28, 2007                                   /s/
                                                           ANDRE M. DAVIS
                                                           UNITED STATES DISTRICT JUDGE

---

[3] A proper respect for state courts compels me to decline defendant's implied invitation to determine that the state court lacks subject matter jurisdiction and to dismiss this case. That is a determination that only the state court can and should make given the present posture of the case. What is indisputable is that under long-settled Supreme Court authority interpreting Article III of the Constitution, *e.g., North Carolina v. Rice*, 404 U.S. 244, 246 (1971), this federal court lacks jurisdiction over this declaratory judgment action.